**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

May 29, 2018

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**LAQUITTA RHODES, Individually and on Behalf of all Others Similarly Situated**                              **PLAINTIFF**

vs.                              No. 1:18-cv-___18-1029___

**CONIFEX EL DORADO, INC.**                              **DEFENDANT**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Laquitta Rhodes, individually and on behalf of others similarly situated, by and through her attorneys Daniel Ford, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint–Class and Collective Action against Defendant Conifex El Dorado, Inc. ("Defendant"), she does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a class and collective action brought by Plaintiff individually and on behalf of all other hourly-paid forestry and bioenergy plant employees of Defendant at any time within a three-year period preceding the filing of this Complaint.

2.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA"), for declaratory judgment, monetary damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid forestry and bioenergy plant employees lawful minimum

wages and overtime compensation for hours worked in excess of forty (40) hours per week.

3.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.    JURISDICTION AND VENUE

4.    The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28. U.S.C. §1331 because this suit raises federal questions under the FLSA.

5.    Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.    Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.    The acts complained of herein were committed and had their principal effect within the El Dorado Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.    Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.    The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.    On information and belief, the payroll records and other documents related the payroll practices that Plaintiff challenges are located in this District.

### III.    THE PARTIES

11.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.    Plaintiff Laquitta Rhodes ("Plaintiff") is a resident of Louisiana.

13.    Plaintiff was formerly employed by Defendant as an hourly-paid forestry and bioenergy plant employee at Defendant's forestry and bioenergy plant located in El Dorado within the three (3) years preceding the filing of this Complaint.

14.    At all times relevant herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

4.    Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

15.    Defendant is a forestry and bioenergy company with its principal address located at 5482 Junction City Highway, El Dorado, Arkansas 71730.

16.    Defendant is a foreign, for-profit corporation, registered and licensed to do business in the State of Arkansas.

17.    Defendant's registered agent for service of process in Arkansas is National Registered Agents, Inc., 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

18.    During each of the three (3) years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19.    Defendant's annual gross volume of sales or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

20.    Within the past three (3) years preceding the filing of this Complaint, Defendant has had more than four employees.

## IV.    FACTUAL ALLEGATIONS

21.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22.    During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a forestry and bioenergy plant employee at Defendant's forestry and bioenergy plant in El Dorado.

23.    Defendant directly hired Plaintiff and other forestry and bioenergy plant employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24.    At all relevant times herein, Defendant was/is the "employer" of Plaintiff and similarly situated employees within the meaning of all applicable federal statutes and implementing regulations, including the FLSA.

25.    Plaintiff and similarly situated employees were/are classified by Defendant as non-exempt under the FLSA, and were/are always paid an hourly rate.

26.    Defendant's hourly employees are not protected by the terms of any Collective Bargaining Agreement as that term is defined in Section 203(o) of the FLSA.

27.    At all relevant times herein pursuant to Defendant's common and universal practice, Plaintiff and similarly situated employees were/are required to work off the clock, including but not limited to, the following two categories:

A.    Reporting to work and donning clothing and personal protective equipment (PPE) prior to the time they were compensated, as well as often remaining at work to doff and store and/or return clothing and personal protective equipment after Defendant ceased compensating them ("donning and doffing time"); and

B.    Walking to and from the donning and doffing areas to the production line prior to and at the end of each shift ("walking time").

28.    The time spent in relation to donning and doffing, PPE and otherwise working for Defendant, including time spent in transit to and from changing areas to Defendant's production lines, was necessary and indispensable to Plaintiff's principal work, required by law and required by the nature of the work, but these activities occurred without compensation.

29.    Walking time was necessary and indispensable to Plaintiff's principal work, but the activities of Plaintiff and similarly situated employees were not compensated by Defendant.

30.    Plaintiff and similarly situated employees did not explicitly or implicitly agree to Defendant's failure to pay for donning and/or doffing time, either directly or through any labor representative.

31.    Plaintiff and similarly situated employees did not explicitly or implicitly agree to Defendant's failure to pay for walking time, either directly or through any labor representative.

32.    At all relevant times herein, Defendant failed and continues to fail to accurately record all of the time worked by Plaintiff and similarly situated employees and has failed to properly compensate these same people for all of hours worked.

33.    At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours over forty (40) per week.

34.    Defendant's conduct and actions, as described above, are in violation of the FLSA and are willful, intentional and not the result of a good faith contest or dispute.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA § 216(b) Collective

35.    Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

36.    Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37.    Plaintiff brings her FLSA claims on behalf of all forestry and bioenergy plant employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to the following types of damages:

A.    Payment for time spent donning and doffing and in transit to and from changing areas; and

B.      Liquidated damages and attorneys' fees and costs.

38.    In conformity with the Requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

39.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint-Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendant as non-exempt form the overtime requirements of the FLSA;

B.      They were paid hourly;

C.      They recorded their time in the same manner;

D.      They were subject to Defendant's common practice of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per work week.

41.    This action is properly brought as a collective action pursuant to the collective action procedures of Section 216 of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

42.    Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the group exceeds 40 persons.

43.    In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

44.    Defendant can readily identify the members of the Section 16(b) Collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.    AMWA Rule 23 Class

45.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46.    Plaintiff proposes to represent the class of hourly forestry and bioenergy plant employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

47.    Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including minimum wage and overtime in accordance with the AMWA.

48.    Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

49.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

50.    Plaintiff is unable to state the exact number of potential members of the AMWA class but believes that the class exceeds 40 persons.

51.    At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

52.    Concentrating the litigation in this forum is highly desirable because Defendant is based in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

53.    No difficulties are likely to be encountered in the management of this class action.

54.    The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

55.    Plaintiff and her counsel will fairly and adequately protect the interests of the class.

56.    Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

57.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

58.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

59.    29 U.S.C. § 206 and 29 U.S.C. § 207 requires employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

60.    Defendant failed to pay Plaintiff a lawful minimum wage and one and one-half (1.5) times her regular rate for all hours worked over forty (40) hours per week, despite her entitlement thereto.

56.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

57.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-

judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

58.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

59.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

60.     Plaintiff asserts this claim on behalf of all forestry and bioenergy plant employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid minimum wages all hours worked up to forty (40) each week and unpaid overtime compensation for all the hours she and they worked in excess of forty (40) each week.

61.     Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

62.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

63.     Defendant failed to pay Plaintiff and those similarly situated a lawful minimum wage and one and one-half (1.5) times their regular rate for all hours worked

over forty (40) hours per week, despite their entitlement thereto, and instead deliberately chose to only pay them for some of those hours.

64.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid forestry and bioenergy plant employees employed by Defendant within the past three years.**

65.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

66.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

67.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of AMWA)

68.    Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

69.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

70.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

71.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

72.     Defendant failed to pay Plaintiff all wages owed, as required under the AMWA.

73.     Despite the entitlement of Plaintiff to payment of a lawful minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful minimum wage and failed to pay Plaintiff a lawful overtime premium.

74.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

75.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

76.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of AMWA)

77.     Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

78.    Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

79.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

80.    Defendant failed to pay Plaintiff and members of the proposed class all wages owed, as required under the AMWA.

81.    Despite the entitlement of Plaintiff and members of the proposed class to payment of a lawful minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and members of the proposed class a lawful minimum wage and failed to pay Plaintiff and members of the proposed class a lawful overtime premium.

82.    Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid forestry and bioenergy plant employees employed by Defendant in Arkansas within the past three years.**

83.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

84.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint.

85.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Laquitta Rhodes, individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

A.    That Defendant be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

B.    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516, *et seq.*;

C.    A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

D.    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.    Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff and members of the class and collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor

Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

  F.  Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff and members of the class and collective from a period of three (3) years prior to this lawsuit through the date of trial under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

  G.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516, *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial to Plaintiff and members of the class and collective;

  H.  Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations.

  I.  An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

  J.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**LAQUITTA RHODES, Individually and on Behalf of Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**LAQUITTA RHODES, Individually and on
Behalf of all Others Similarly Situated**                    **PLAINTIFF**

vs.                          No. 1:18-cv-_____

**CONIFEX EL DORADO, INC.**                                  **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I am/was employed as a hourly paid forestry and bioenergy plant employee for Conifex El Dorado, Inc., during some of the three years prior to the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for overtime compensation and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:    Laquitta Rhodes

Date: May 25, 2018